**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4892**

———————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

QUENTIN A. EICHELBERGER,

                              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.   Sol Blatt, Jr., Senior District
Judge.   (9:05-cr-0049-SB)

———————————

Submitted:  March 22, 2007            Decided:  March 28, 2007

———————————

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South
Carolina, for Appellant. Reginald I. Lloyd, United States Attorney,
Brent Alan Gray, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin A. Eichelberger pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute and distribution of a quantity of cocaine (Count 2), two counts of possession with intent to distribute and distribution of a quantity of cocaine (Counts 4 and 8), two counts of possession of a firearm in furtherance of a drug trafficking crime (Counts 5 and 9), two counts of possession of a firearm by a felon (Counts 6 and 7), and one count of possession with intent to distribute five grams or more of cocaine base (Count 14), in violation of 18 U.S.C. §§ 922(g)(1); 924(a)(2), (c)(1)(A), (e)(1); 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C); 846 (2000). The district court sentenced Eichelberger to a total term of imprisonment of 437 months. On appeal, Eichelberger contends his counsel provided ineffective assistance by failing to object to the court's imposition of a twenty-five year mandatory minimum sentence on the second § 924(c)(1)(A) offense charged in Count 9. We affirm.

An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v.

<u>Gastiaburo</u>, 16 F.3d 582, 590 (4th Cir. 1994)).  Because the record does not conclusively establish that counsel was ineffective, Eichelberger's claim is not cognizable on appeal.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>